SO ORDERED.
SIGNED 18th day of September, 2026

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Nancy B. King
U.S. Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 3:26-BK-01292 |
| CHRISTOPHER BLAKE SEEBERGER, | ) | CHAPTER 13 |
| and DANIELLE LINETTE SEEBERGER, | ) | JUDGE NANCY B. KING |
| Debtor. | ) | |
| ______________________________ | ) | |
| | ) | |
| SDH NASHVILLE, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 3:26-AP-90066 |
| | ) | |
| CHRISTOPHER BLAKE SEEBERGER, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION DENYING**
**MOTION TO DISMISS IN PART AND GRANTING IN PART**

SDH Nashville, LLC ("SDH") filed this adversary proceeding against Christopher Blake Seeberger ("Defendant") consisting of two counts and seeking a determination that the debt owed to SDH is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). A "Construction Agreement" labeled Exhibit A is attached to the Complaint.[1] The

[1] The Construction Agreement provides:

> This Construction Agreement (this "**Agreement**") is made as of the date on which the last of Owner and Contractor has executed this Agreement ("**Effective Date**"), by and between **P-R VESPER,**

Defendant filed a Motion to Dismiss the Complaint for failure to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) made applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 7012. SDH filed a response in opposition. The Court finds the Complaint states a claim under 11 U.S.C. § 523(a)(2)(A) and denies the Motion to Dismiss Count I. But the Court finds the Motion to Dismiss well-taken as to the 11 U.S.C. § 523(a)(6) allegations and dismisses Count II of the Complaint.

**STANDARD FOR DISMISSAL PURSUANT TO RULE 12(B)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal for "failure to state a claim upon which relief can be granted." Under Federal Rule of Civil Procedure 8(a), made applicable to bankruptcy through Federal Rule of Bankruptcy Procedure 7008, a pleading must contain the following: "(1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing ... entitle[ment] to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

**LLC**, a Tennessee limited liability company ("**Owner**") and **SDH NASHVILLE LLC,** a Georgia limited liability company ("**Contractor**").

It is signed by "Blake Seeberger, CEO, GP."

"Although a complaint will survive a motion to dismiss if it contains 'either direct or inferential allegations respecting all material elements,' courts are not required to 'accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" *Greeneville Fed. Bank, FSB v. First Peoples Bank of Tenn.* (*In re K & L Trailer Sales & Leasing, Inc.*), 655 B.R. 728, 731–32 (Bankr. E.D. Tenn. 2023) (quoting *Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013)).

When deciding whether to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The Court must also "'consider[ ] the complaint in its entirety, as well as ... documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 794 (6th Cir. 2016) (alteration in original) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Spier v. Coloplast Corp.*, 121 F. Supp. 3d 809, 813 (E.D. Tenn. 2015) (citations omitted) ("[M]atters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint also may be taken into account [when reviewing a Rule 12(b)(6) motion].")); *In re K & L Trailer Sales & Leasing, Inc.,* 655 B.R. 728, 732 (citations omitted).

## FACTS AS ALLEDGED IN COMPLAINT

SDH is a Georgia limited liability company that contracted to perform construction work for a development project in Maury County, Tennessee. SDH alleges that the Defendant owned and/or controlled P-R Vesper, LLC ("P-R Vesper"), Pentagon Holdings, Inc., and Pentagon Holdings, LLC, and used these entities to enter into construction agreements with SDH. Under the Agreements, SDH was to perform specified construction work in exchange for payment. The Defendant is an individual debtor in this Chapter 13 case jointly filed with his spouse on March 20, 2026.

SDH alleges that Section 4.3 of the Construction Agreements required P-R Vesper to deposit 20% of the contract sums into an escrow account before SDH commenced any work and to make progress payments to SDH from that deposit. SDH further alleges that P-R Vesper breached the Construction Agreements by failing to deposit the required escrow funds prior to the commencement of work.

According to the complaint, the Defendant, individually and/or as agent of the entities, repeatedly encouraged and induced SDH to begin and continue work by representing that the escrow funds were in process, including a July 19, 2024, banker communication stating the 20% escrow deposit delay would be rectified the first half of the following week. The promises for funding continued, according to SDH, through December 2024, but the escrow account was never funded, and SDH was not paid. SDH contends it relied on the Defendant's representations by commencing and continuing

performance, supplying labor and materials until it became clear payment would not be made.

The Defendant filed his individual Chapter 13 petition on March 20, 2026. SDH filed a proof of claim on May 29, 2026, for $315,533.42, attaching the Construction Agreements between P-R Vesper and SDH. The Defendant objected to the claim on June 17, 2026, asserting the debt is a business debt that is not owed personally by the Defendant or his spouse. Although the claim was originally disallowed, the Court set aside the disallowance and consolidated the claim objection to be decided in this adversary proceeding.

In the adversary complaint, SDH seeks a determination that amounts owed to it are nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6). The Defendant seeks dismissal because the Complaint fails to state a cause of action against him individually based on the Construction Agreements between P-R Vesper and SDH.

## DISCUSSION

### A. Count I - 11 U.S.C. § 523(a)(2)(A)

"[N]ondischargeability under § 523(a)(2)(A) requires a showing of some conduct by the debtor which can be fairly said to be blameworthy. In other words, the debtor must be guilty of positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality." *Mincey v. Hudson* (*In re Hudson*), 677 B.R. 108, 125 (Bankr. E.D. Tenn.

2025) (quoting *Haney v. Copeland* (*In re Copeland*), 291 B.R. 740, 759 (Bankr. E.D. Tenn. 2003)). "False pretenses and actual fraud are 'separate yet related concepts that share common elements needed to prove nondischargeability.'" *Id.* (quoting *Rable v. Childers* (*In re Childers*), 651 B.R. 699, 718 (Bankr. N.D. Ohio 2023)).

Actual fraud under 11 U.S.C. § 523(a)(2)(A) "denotes any fraud that 'involves moral turpitude or intentional wrong.'" *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 360 (2016) (citation omitted). As stated by the Bankruptcy Appellate Panel for the Sixth Circuit:

> Fraud is a generic term, which embraces all the multifarious means which human ingenuity can devise and which are resorted to by one individual to gain an advantage over another by false suggestions or by the suppression of truth. No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated.... Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud.

*Mellon Bank, N.A. v. Vitanovich* (*In re Vitanovich*), 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001) (internal citations omitted). Actual fraud may include misrepresentations but also "encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Int'l Elecs., Inc.*, 578 U.S. 355, 359.

False pretenses under 11 U.S.C. § 523(a)(2)(A) means "conscious deceptive or misleading conduct calculated to obtain, or deprive, another of property [and] includes any

‘scam, scheme, subterfuge, artifice, deceit, or chicanery in the accomplishment of an unlawful objective’ by the defendant.” *In re Hudson*, 677 B.R. 126 (quoting *Giglio v. Nisivoccia* (*In re Nisivoccia*), 502 B.R. 139, 155 (Bankr. E.D.N.Y. 2013)). “[F]alse pretenses are ‘implied misrepresentations or conduct intended to create or foster a false impression,’ [are] established or fostered willfully, knowingly and by design[, and are] not the result of inadvertence. [They] do not require overt misrepresentations, but the debtor must know that he is creating a false impression upon the plaintiff.’” *Id.* (quoting *Robb v. Gividen* (*In re Gividen*), 667 B.R. 171, 181 (Bankr. N.D. Ga. 2025)). A plaintiff seeking a nondischargeable determination based on false pretenses under 11 U.S.C. § 523(a)(2)(A) must prove justifiable reliance and the debtor’s “specific intent to mislead, trick, or cheat.” *Id*. (citation omitted).

A debtor is not required to “‘directly and personally receive every dollar lost by the creditor’” to satisfy the requirements of 11 U.S.C. § 523(a)(2)(A); rather, “‘if the debtor benefits in some way from the property obtained through his deception, the debt is nondischargeable.’” *In re Copeland*, 291 B.R. 740, 760–61 (quoting *Metcalfe v. Waters* (*In re Waters*), 239 B.R. 893, 901 (Bankr. W.D. Tenn. 1999)); *see also Brady v. McAllister* (*In re Brady*), 101 F.3d 1165, 1172 (6th Cir. 1996) (affirming lower court’s determination that debtor “who controlled and was the president of the recipient of creditor’s diverted funds” profited from transfer to sufficiently satisfy first element of § 523(a)(2)(A)).

Under the "benefits theory" of 11 U.S.C. § 523(a)(2)(A) liability, a debtor may be liable even when he has only indirectly obtained some tangible or intangible financial benefit because of his misrepresentation. Thus, as found in *Brady*, a debtor who fraudulently induces a loan to a corporation that he controls may be liable for purposes of 11 U.S.C. § 523(a)(2)(A). *Vicars v. Freeman* (*In re Freeman*), No. 11-50541, Adv. No. 11-5028, 2013 WL 4447007, at *6 (Bankr. E.D. Tenn. Aug. 16, 2013). Accordingly, "a debtor may be liable even when he has only indirectly obtained some tangible or intangible financial benefit, and even if the facts of a case justify piercing the corporate veil, a party is not necessarily required to do so in order to satisfy this element of the dischargeability analysis." *Lansden v. Jones* (*In re Jones*), 585 B.R. 465, 503–04 (Bankr. E.D. Tenn. 2018) (citation omitted); *see also Norton v. Wilson* (*In re Wilson*), No. 16-30782, Adv. No. 16-3068, 2017 WL 1628878, at *5 (Bankr. N.D. Ohio May 1, 2017) (finding that defendant obtained financial benefit from down payment deposited into bank account of LLC owned and controlled by him and from which his livelihood was provided, conferring "at least an indirect tangible financial benefit" within *Brady* analysis).

Based on the Complaint, the Court finds that Count I is facially plausible and survives the Defendant's Motion to Dismiss. Accordingly, the Court DENIES the Defendant's Motion to Dismiss Count I of the Complaint.

**B. Count II - 11 U.S.C. § 523(a)(6)**

Section 523(a)(6) states a debt may be excepted from a debtor's discharge when it is "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). However, the Defendant is in a Chapter 13 case. As described by Judge Lutz in *Am. Sound & Elecs., Inc. v. Van Meter* (*In re Van Meter*), No. 24-21033, Adv. No. 25-2002, 2025 WL 1490408 (Bankr. E.D. Ky. May 23, 2025):

> Debts falling within § 523(a)(6), however, are subject to the discharge in a chapter 13 case when a debtor successfully completes their chapter 13 plan. *See* 11 U.S.C. § 1328(a); *see also In re Bodrick*, 534 B.R. 738, 745 (Bankr. S.D. Ohio 2015) (holding that a "cause of action under § 523(a)(6) [is not] an exception to the chapter 13 discharge" under 1328(a)); *Thomas v. Alheit* (*In re Alheit*), Adv. No. 17-1138, 2018 WL 3807811, at *2 (Bankr. N.D. Ohio Aug. 8, 2018) (finding that "[a]lthough § 1328(a) contains exceptions to discharge based on certain subdivisions of § 523(a), § 523(a)(6) is not one of them.").
>
> Defendant is a debtor in a chapter 13 case. If he confirms a chapter 13 plan and makes all plan payments, then the debt Defendant owes to each Plaintiff will be discharged under § 1328(a) even if Plaintiffs otherwise would be entitled to relief under § 523(a)(6).
>
> The Court recognizes that debts falling within the exception to discharge under § 523(a)(6) may be excepted from a hardship discharge sought under § 1328(b). Defendant has not filed a motion for a hardship discharge in his main bankruptcy case, and so Plaintiffs currently have no grounds to rely on § 523(a)(6) to find the debt nondischargeable. Thus, the § 523(a)(6) claim "is not ripe at this time." *Direct Capital Group v. Hadley* (*In re Hadley*), Adv. No. 09-07141-FJS, 2011 WL 3664609, at *17 (Bankr. E.D. Va. Aug. 19, 2011). *See also Dumar v. McEachin* (*In re McEachin*), Adv. No. 24-4311, 2024 Bankr. LEXIS 2191 at *1-2 (Bankr. E.D. Mich. Sept. 19, 2024) (holding "the Plaintiff's nondischargeability claim under § 523(a)(6) is not yet ripe for adjudication, and it may never become ripe.").

*Id.* at *2; *see also Olsen v. Dingess* (*In re Dingess*), 670 B.R. 412, 422–23 (Bankr. D. Del. 2025) ("Section 1328, however, is limited to debts based on the following three elements: (i) restitution or damages, awarded in a civil action against the debtor, (ii) as a result of willful or malicious injury by the debtor, (iii) that caused personal injury to an individual or the death of an individual."); *Young v. Harris* (*In re Harris*), 663 B.R. 457, 477 (Bankr. N.D. Miss. 2024) (citation omitted) (Section 1328(a)(2) lists the debts excepted from discharge and notably, § 523(a)(6) is not listed. Therefore, § 523(a)(6) does not apply to chapter 13 bankruptcy filings."); *Ansin v. Ansin* (*In re Ansin*), 659 B.R. 715, 719 n.3 (B.A.P. 1st Cir. 2024) (citation omitted) ("The discharge available in chapter 13 is broader than the chapter 7 discharge in that certain debts not dischargeable in chapter 7 are dischargeable in chapter 13" under § 1328, including debts for 'willful and malicious injury' under § 523(a)(6).").

Although this issue is not raised in the Defendant's Motion to Dismiss, based on the clear law that 11 U.S.C. § 523(a)(6) is dischargeable under a standard discharge in Chapter 13 unless 11 U.S.C. § 1328(a)(4) applies, the Court GRANTS the Debtor's Motion to Dismiss Count II pursuant to 11 U.S.C. § 523(a)(6).

**CONCLUSION**

Based on the foregoing, the Court **DENIES IN PART** and **GRANTS IN PART** the Defendant's Motion to Dismiss, and the hearing set for September 23, 2026, is cancelled. Regarding Count I, the Defendant's Motion to Dismiss is **DENIED**, and the

parties shall confer and return the worksheet attached to the preliminary pretrial order to consensually agree on setting this matter for trial. The worksheet shall be filed with the Court no later than October 15, 2026. If the parties are unable to accomplish this task, the parties should contact the Courtroom Deputy for a continued pretrial conference date. Regarding Count II, the Defendant's Motion to Dismiss is **GRANTED,** and Count II is **DISMISSED**.

**IT IS SO ORDERED.**

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.